McCunn, J.
(concurring). In effect, this is an action of. covenant for a quarter’s rent, alleged to he due on the 1st of August, 1862. The defense interposed is, that by consent and connivance of the landlord the basement of the house in question was converted into a place of prostitution, and that, by reason thereof, the appellant (lessee) was obstructed and defeated in his business ; and that, in consequence, and before the rent in controversy, or any portion of it, accrued due, he abandoned the premises. In other words, the answer sets up a plea of eviction.
Apart from any special covenant, a demise imports, ex vi termini, a warranty of peaceable possession, and a proper plea of eviction is always a sufficient answer to an action for rent, even on a lease under seal. The question is, was there, in the present instance, an exaction, in the legal sense of the word ? Anciently, nothing short of an actual expulsion operated an eviction; but, in modern times, the rule has been liberalized in favor of the tenant; and now any intentional and injurious interference by the landlord with the beneficial enjoyment of the premises will discharge the tenant from his obligation for the rent. The interruption, however, must be the work of the landlord, and he is not responsible for the misconduct of third parties. The defense, in this case, brings on the point, whether the landlord be. implicated in the establishment or continuance of a bawdy-house in the basement of the demised premises. If he is not instrumental either in the creation or continuance of the nuisance, the plea of eviction is without support (Gilhooly v. Washington, 4 N. Y.). A mere omission on his part to abate the nuisance has never been held an answer to an action for rent (Gilhooly v. Washington, supra ; Mortimer v. Brumer, 6 Bosw., 653; Ogilvie v. Hull, 5 Hill, 52).
An eviction, xvhether physical or moral, necessarily implies *160 some affirmative misconduct on the part of the landlord (Cohen v. Dupont, 1 Sand., 260; Cram v. Dressev, 2 Sand., 120; and such is the doctrine even in Pendleton v. Dyelt, 8 Cow., 727).
How, in the present case, we see no evidence whatever of such misconduct. The utmost urged against the plaintiffs assignor, even in the defendant’s testimony, is that, informed of the nuisance, he neglected to abate it.
Of evidence of assent to the ‘ nuisance, if any, there is not enough to raise a reasonable presumption of the fact.
Hence, the case exhibits nothing that should have been submitted to the jury; and the Court did not err in directing a verdict for the plaintiff for the above reason. I concur in sustaining the judgment below.